(586 P.2d 277)
No. 49,318

In the Interest of CLAY STEPHENS HAMLETT, A Minor Child, DOROTHY J. TALMAGE, *Appellee,* v. DEBORAH HAHN RANSOM, *Appellant.*

Opinion filed November 9, 1978.

*Luis Mata, Paul E. Serrano, Jr.,* and *Lowell C. Paul,* of Topeka, for appellant.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, for appellee.

*Eric Kjorlie,* of Topeka, guardian *ad litem.*

Before FOTH, C.J., SPENCER and MEYER, JJ.

MEYER, J.: A minor child, Clay Stephens Hamlett, was adjudicated to be a dependent and neglected child pursuant to K.S.A. 1977 Supp. 38-802(g).

Two procedural points are raised, one by each party. We shall address these first. Appellant, the natural mother, claims that K.S.A. 1977 Supp. 38-816(a) and (b) must be read together, contending that the petition authorized by K.S.A. 1977 Supp. 38-816(a) may not be filed until the findings enumerated in (b) of that statute are first met. Appellant thus claims that before a petition may be filed in dependency and neglect there must be authorization to do so by the court under (b) which states that upon information being furnished to the district court by a reputable person, a preliminary inquiry (and whenever practical, a preliminary investigation) should be conducted to determine whether the interest of the public or such child requires that further action be taken.

Appellee, the grandmother, on the other hand contends that K.S.A. 1977 Supp. 38-816(a) should be interpreted separately from (b), and that, therefore, an investigation was not required in the instant case since no requirement is made under (a). Appellee

further argues that if an investigation was required under K.S.A. 1977 Supp. 38-816(*a*), then the affidavit which the petitioner filed with the petition, being comprehensive in nature, and having been perused by the court, would satisfy the requirements of (*b*).

It is clear to us that K.S.A. 1977 Supp. 38-816(*a*) and (*b*) provide alternative methods. K.S.A. 1977 Supp. 38-816(*a*) indicates that if a person is so convinced that an action in dependency and neglect should be brought as to personally sign a petition and affidavit, this is sufficient. In our judgment, K.S.A. 1977 Supp. 38-816(*b*) is an alternative method by which a person who thinks a child is dependent and neglected, but who is unsure of what course of action to take, could furnish information to the court. The court, after investigating the information, could authorize the petition, taking the responsibility off a petitioner who might be reticent about bringing the action without such approval. Thus K.S.A. 1977 Supp. 38-816 offers alternative methods so that one who feels certain of his facts and confident that a petition should be filed may do so; those who are unsure of their position or do not wish to file a petition outright under subsection (*a*) could furnish information to the court and allow the court to take responsibility for filing the petition.

The natural mother is estopped herein to contend that there is no jurisdiction, because of her voluntary entry of appearance and because of the stipulations and waivers which she signed in the case prior to her questioning the jurisdiction of the court.

Appellee's procedural question involves the fact the appeal was taken by the natural mother. K.S.A. 1977 Supp. 38-834(*b*) provides in part:

"An appeal shall be allowed by any child from any final order in any proceeding pursuant to the juvenile code . . . . Such appeal may be demanded on the part of the child by such child's parent, guardian, guardian *ad litem* or custodian . . . ."

We hold the natural mother, appellant, was a proper person to bring this matter on appeal.

Appellant's other contention herein is that there was not sufficient evidence to make a dependency and neglect finding.

In this connection, appellant relies largely upon the court's statement in its memorandum decision of June 2, 1977, as follows:

"Very little of the evidence regarding [appellant's] different marriages and assig-

nations, her numerous changes of residences, and her possible abuse of prescription drug medicine is directly related to any harmful effect on the minor child."

We note specifically that the court below did not *reject* the evidence concerning appellant's various husbands, residences, and so forth; the court said such evidence was minimal. It is also noted that the court said very little of such evidence "is *directly* related" to any harmful effect on the minor child. The court subsequently found that after the temporary separation from the appellant there was a "dramatic improvement in the boy's well-being academically, socially and emotionally as a result of his being placed in the St. John's Military Academy . . . ." Thus we see that the district court by no means disregarded the evidence but merely stated that it had very little *direct* effect on the minor child. The court also stated, in the memorandum decision:

"It seems to the court that the evidence, *as a whole, particularly* as it relates to Clay's schooling, would indicate that the natural mother . . . was satisfied to handle his care, schooling and up-bringing in a casual manner." (Emphasis supplied.)

It is true, as appellant contends, that the burden of proof is on the petitioner and that such burden must consist of "clear and convincing evidence"; it is also true that the district court may adjudicate a child as dependent and neglected only upon presentation of such evidence. *In re Bachelor,* 211 Kan. 879, 880, 508 P.2d 862 (1973); *In re Vallimont,* 182 Kan. 334, 343, 321 P.2d 190 (1958). On appellate review, however, the standard is whether the court below had substantial competent evidence upon which to base its ruling. We hold that it did, and that such finding should not be reversed on appeal.

Affirmed.